JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6749 PA (RAOx) | Date | August 23, 2021 |
|---|---|---|---|
| Title | James Rutherford v. Green Golf, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Green Golf, Inc. ("Defendant").  Defendant asserts that federal jurisdiction exists based on the existence of a federal question.  See 28 U.S.C. § 1331.

    Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The "burden of establishing federal subject matter jurisdiction is on the party seeking removal . . . ."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  An action may be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992); Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) ("The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988))).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6749 PA (RAOx) | Date | August 23, 2021 |
|---|---|---|---|
| Title | James Rutherford v. Green Golf, Inc. | | |

claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.

Defendant's Notice of Removal's allegation in support of the Court's federal question jurisdiction states that Plaintiff, "by alleging in his Complaint [that] Defendant violated [the] Americans with [D]isabilties Act, 42 U.S.C. Section 12182 et seq., based his claims or rights arising under the laws of the United States." (Notice of Removal ¶ 3.) A review of Plaintiff's Complaint, however, reveals that it asserts a single claim for relief brought pursuant to California's Unruh Civil Rights Act. Rather than alleging a claim under the American's with Disabilities Act ("ADA"), the Complaint instead uses the alleged violations of the ADA as an element of Plainitff's Unruh Act claim. Plaintiff has made no claim under the ADA. Plaintiff's sole claim arises exclusively under California law, not federal law.

The Ninth Circuit has repeatedly rejected similar efforts to create federal question jurisdiction over Unruh Act claims brought under California law because those claims refer to and rely on alleged ADA violations as an element of the claims under California law. Specifically, the Ninth Circuit has concluded that "there is no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA. To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." Wander v. Kaus, 304 F.3d 856, 857 (9th Cir. 2002); see also Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618-19 (9th Cir. 2011); Martinez v. Del Taco, Inc., 252 F. App'x 148, 149 (9th Cir. 2007).

For these reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim. This action is hereby remanded to Los Angeles County Superior Court, Case No. 21PSCV00550, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.